IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KELVIN JONES, #11070921,<br>       Plaintiff, | § § § | |
| v. | § § | 3:12-CV-0110-M (BK) |
| OFFICER APPLEWHITE, et al.,<br>       Defendants. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for pretrial management. For the reasons that follow, it is recommended that the case be summarily dismissed as barred by the three-strike provision of 28 U.S.C. § 1915(g).

**I. BACKGROUND**

On January 3, 2012, Plaintiff, an inmate confined at the Dallas County Jail, filed a motion for *Preliminary Injunction and Permanent Injunctions* in *Jones v. Applewhite, et al.*, 3:11-CV-3317-M (N.D. Tex. 2011), a civil rights action in which he had complained of excessive force and improper medical care while incarcerated at the jail. Because the case had already been dismissed, the Court directed the Clerk of the Court to assign a new case number to Plaintiff's motion. (Doc. 4.) The Clerk, in turn, opened this new case. Because Plaintiff sought leave to proceed *in forma pauperis* in his prior action, the Court carries that motion to this case.

In his motion for *Preliminary Injunction and Permanent Injunctions,* Plaintiff alleges that on December 24, 2011, Officer Applewhite ordered the picket officer to turn off the TV, even though Plaintiff and other inmates were watching the Cowboy's game. (Doc. 3, Exh A at 2.)

When Plaintiff and other inmates requested a grievance form, Officer Rabb became upset and denied their request. *Id.* Ultimately Officer Applewhite gave Plaintiff one grievance form, which she said could be signed by all the inmates in the pod, and Plaintiff immediately sat at a table to begin writing the grievance. *Id.* Several inmates, however, continued to complain and requested to speak to a Sargent, claiming they were denied the First Amendment rights to petition the government for redress of grievances. *Id.* Officers responded by ordering "the whole pod to rack up." *Id.* Officer Rabb then entered the pod repeating several times "Rack-off before I start dunking ya'll on your heads." *Id.* at 2-3. Plaintiff states that he did not refuse to "rack up," but continued gathering his paper work from the table where he had been sitting. *Id.* at 3. At that point, Officers Applewhite and Rabb allegedly singled him out, by standing next to him. *Id.* In turn, Rabb ordered Plaintiff to "hurry up and rack-off, [or] he was going to dunk [Plaintiff] on his head." (Doc. 3 at 2.) Plaintiff states that he "felt traumatized and fearful of being subject to imminent danger of serious bodily injuries, and tried to avoid any verbal or physical altercation with Officer Rabb, who stands at least 6'6"/260 lbs and is physically fit and can easily full-fill this threat of inflicting physical pain to Jones." *Id.*

## II.  DISCUSSION

28 U.S.C. § 1915(g), the "three-strike" provision of the Prison Litigation Reform Act (PLRA), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court which were dismissed, either by a district court or appellate court, as being frivolous, malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007).

This Court previously found Plaintiff was barred by three strikes. *Jones v. Applewhite, et*

*al.*, 3:11-CV-3317-M (N.D. Tex. Dec. 16, 2011) (collecting prior strikes and dismissals in this and other courts under section 1915(g)). Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges a claim of "imminent danger of serious physical injury" at the time of filing the complaint. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*).

  Here, the pleadings, even when liberally construed, do not present a sufficient claim that Plaintiff was in danger of any physical injury at the time of filing the same. *See Carson v. Johnson*, 112 F.3d 818, 822-823 (5th Cir. 1997). Plaintiff has only alleged a past harm. *See Banos*, 144 F.3d at 884 (holding that "a prisoner with strike is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit;" allegations that prison officials sexually harassed him by conducting body cavity searches before he filed his complaint did not suffice); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (noting that allegations of past harm did not suffice to meet the imminent danger requirement). While Plaintiff allegedly felt threatened when Rabb and Applewhite stood next to him and Rabb ordered him to "rack up," there is nothing to suggest that such threat is continuing. Indeed, Plaintiff concedes that he avoided any verbal or physical confrontation by complying with the order to "rack up." (Doc. 3, Pl's Decl. at 2.) *See Ciarpaglini,* 352 F.3d at 330 (noting that, in order to meet the imminent danger requirement, the threat or prison condition must be "real and proximate" and the harm must be "imminent or occurring at the time the complaint is filed."). Because Plaintiff was not in imminent danger of any serious physical injury at the time he sought to file this new suit, the District Court should bar him from proceeding *in forma pauperis* under section 1915(g). *See Adepegba*, 103 F.3d at 388.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g). Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this lawsuit with full payment of the $350.00 filing fee.

In light of the foregoing, it is further recommended that the motion for *Preliminary Injunction and Permanent Injunctions* (Doc. 3) be **DENIED** as moot.

SIGNED January 20, 2012.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE